IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TYREEK EVANS MAYES, | § | |
| | § | |
| Defendant-Below, | § | No. 682, 2013 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below:  Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | CR. ID No. 1111012229 |
| Plaintiff-Below, | § | |
| Appellee. | § | |
| | § | |
| | § | |

Submitted:  September 10, 2014
Decided:  September 11, 2014

Before **STRINE,** Chief Justice, **HOLLAND** and **RIDGELY**, Justices.

## O R D E R

(1)    This 11th day of September 2014, upon consideration of the briefs and record on appeal, we conclude that the judgment of the Superior Court should be affirmed.  On appeal, the only argument made by the appellant is that the evidence against him was insufficient to support his convictions for, among other things, robberies that were committed against persons delivering pizzas.  The delivery persons were lured to the site of the robberies by the placement of orders from various phone numbers and were robbed at what appeared to be gunpoint when they showed up with the requested pies and other food.  The robbers tried to conceal their faces.  Because he did not first move for a judgment of acquittal, the

appellant did not fairly present his current argument to the Superior Court and therefore we can only reverse if there was plain error.[1]  Rather than rely upon the appellant's procedural failure, however, the State has addressed the merits of the case and argued that there was ample evidence on which the jury could have based its decision to find the appellant guilty on the counts for which he was convicted.

(2)    Having reviewed the record carefully, we conclude that the appellant's argument has no merit because the evidence against him was substantial and included, among other things: (i) a pizza order placed in the appellant's name in connection with one of the robberies; and (ii) the appellant's arrest in a blue van that had been in the vicinity of several of the robberies and that contained information about multiple pizza shops, numerous cell phones, and BB guns resembling semi-automatic pistols.  The appellant was arrested in the blue van in the company of a co-conspirator, who gave testimony linking the appellant to the robberies and whose mother owned the blue van.  Victims of the robberies also testified that they had been robbed by two men whose respective sizes matched that of the co-conspirator and the appellant.  In addition, the manager of the apartment complex in which the robberies occurred testified that the appellant had been frequenting the complex in a blue van.  This is only some of the evidence linking the appellant to the crimes of which he was convicted, and the overall record is clearly sufficient to meet the applicable standard, which requires us to

---

[1] *Monroe v. State,* 652 A.2d 560 (Del. 1995).

uphold the jury verdict so long as "any rational trier of fact, viewing the evidence in the light most favorable to the State, could find the defendant guilty beyond a reasonable doubt."[2]

NOW, THEREFORE, IT IS ORDERED that the JUDGMENT of convictions of the Superior Court of December 13, 2013 is AFFIRMED.

BY THE COURT:

/s/ *Leo E. Strine, Jr.*

Chief Justice

---

[2] *Robertson v. State,* 596 A.2d 1345, 1355 (Del. 1991).